# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TREVIS JOEL FREEMAN,

        Plaintiff,

v.                         CASE NO. 17-3072-SAC

G. THOMAS HARRIS,

        Defendant.

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff is hereby required to show good cause in writing to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. If plaintiff fails to show good cause within the time prescribed herein, this action may be dismissed without further notice.

Mr. Freeman, while an inmate of the Montgomery County Department of Corrections ("MCDC") in Independence, Kansas, filed this pro se civil complaint under 42 U.S.C. § 1983.Rule 41(b) of the Federal Rules of Civil Procedure. Mr. Freeman brings what amounts to a claim of attorney malpractice against his former criminal defense lawyer for breaching the attorney-client privilege by sharing confidential information with Montgomery County officials.

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the

1

burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having considered plaintiff's allegations, the court finds the complaint is subject to summary dismissal because his former attorney is not subject to suit under 42 U.S.C. § 1983. An attorney, whether court appointed or privately retained, does not act under the color of state law when performing traditional functions as counsel to a criminal defendant. *Polk City v. Dodson*, 454 U.S. 312, 321-22, 102 S.Ct. 445, 451-52 (1981). Moreover, plaintiff fails to allege a constitutional violation because attorney-client privilege is a rule of evidence, not a constitutional right. *Howell v. Trammell*, 728 F.3d 1202, 1221-22 (10th Cir. 2013). Accordingly, plaintiff has presented no actionable claim upon which relief can be granted and this matter is therefore subject to dismissal.

Also before the court is plaintiff's motion for leave to proceed without prepayment of fees (Doc. 5), which is granted because plaintiff's trust fund account statement shows that he has insufficient funds to pay an initial partial filing fee. Notwithstanding this grant of leave, plaintiff is required to pay the full amount of the filing fee and is hereby assessed $350.00. Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of plaintiff shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The clerk is to transmit a copy of this order to plaintiff, to the finance office at the institution where plaintiff is currently confined, and to the court's finance office.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted until November 26, 2017, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that until November 26, 2017, plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed without prepayment of fees (Doc. 5) is granted.

The clerk is directed to send forms and instructions to plaintiff and to send a copy of this order to plaintiff, to the finance office at the institution where plaintiff is currently confined, and to the court's finance office.

**IT IS SO ORDERED.**

Dated this 27TH day of October, 2017, at Topeka, Kansas.

**s/Sam A. Crow**

**U. S. Senior District Judge**